Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MOLLY MALONE, an Individual,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>LEGACY HEALTH, a corporation,<br><br>　　　　　　　　　Defendant. | Case No.<br><br>COMPLAINT FOR DAMAGES **(EMPLOYMENT DISCRIMINATION)**<br><br>Prayer: $454,107.00<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Molly Malone, through counsel, and files this Complaint for Damages against the above-named Defendant. Plaintiff alleges as follows:

**INTRODUCTION**

This case goes to heart of an individual's fundamental right to free religious expression and thought. This case also grapples with the very topical controversies surrounding management of the COVID-19 pandemic and the vaccine mandates that have swept the nation.

In the end, though, this case is about the Plaintiff and the unlawful religious discrimination she suffered at the hands of her employer, Legacy Health.

## JURISDICTION, VENUE, AND PARTIES

1.

Venue for this action is proper in the District of Oregon. The Plaintiff, Molly Malone, lives in Clark County, Washington. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiff exhausted her administrative remedies through the U.S. Equal Employment Opportunity Commission and received a right-to-sue letter on or about June 9, 2022.

2.

At all material times, Plaintiff was a resident of Clark County, Washington and worked in Multnomah County, Oregon.

3.

At all material times, Defendant Legacy Health was regularly conducting business in the State of Oregon, specifically at the Emanuel Hospital, Portland facility.

4.

Plaintiff seeks a jury trial for all claims that can be tried to a jury under federal law.

## STATEMENT OF FACTS

5.

Plaintiff worked as a respiratory therapist for seven years at the Defendant's facility in Portland, Oregon. In her role as a respiratory therapist, Plaintiff worked directly with patients hospitalized with breathing problems, including patients on ventilators. Plaintiff is a highly skilled, well-regarded respiratory therapist. She is a hard worker and worked without issue until the COVID-19 pandemic.

6.

Plaintiff is also deeply religious Christian who is devoted to her faith. Plaintiff is dedicated to following the tenets of her faith to the best of her ability.

7.

Until the COVID-19 pandemic unfolded, Plaintiff's faith had not caused a conflict with her work requirements.

8.

The COVID-19 pandemic manifested in Oregon in late February of 2020. The pandemic immediately represented a dramatic event in the lives of every Oregon resident, but particularly individuals who worked in health care facilities. As a respiratory therapist focused on direct patient care for hospitalized patients, Plaintiff was exposed to the harsh realities of the pandemic on a daily basis, including the risk that she herself may get infected with the virus. Indeed, she was infected with Covid-19 in 2020, and was sick for nearly two weeks. After her recovery, she continued to show up for work to treat the sickest patients, including those on ventilators.

9.

Plaintiff continued to provide an exceptional quality of work at the Defendant's hospital. Like so many health care workers during the pandemic, Plaintiff adjusted her life to best ensure the safety of her patients and colleagues. Plaintiff did so with little thought to her own self because of her dedication to her work and to the Defendant's patients. Plaintiff also scrupulously followed hospital rules and regulations to protect against infection, which included the wearing of personal protective equipment (herein, "PPE"), testing for COVID-19, hand-washing and other hygiene protocols, social distancing when possible, and quarantining when necessary.

10.

In the summer of 2021, Plaintiff was notified that the Defendant would be implementing and enforcing a vaccine mandate in the workplace. Plaintiff was informed that those individuals with religious beliefs in conflict to the vaccine and/or to the taking of the vaccine could apply

for religious exceptions. As a devout Christian, Plaintiff had serious objections to taking the vaccine because it would constitute violating her bodily integrity and tainting the purity of her body. On or about August 19, 2021, Plaintiff filed the formal paperwork for a religious exemption and anticipated it would be granted.

11.

On September 27, 2021, Plaintiff was notified that her religious exemption had been denied and that she would be placed on unpaid administrative leave as of August 30, 2021.

12.

Fearful of losing her job, Plaintiff, despite her profound religious objections to the vaccine, did take the first dose. Unfortunately, she had an immediate and severe reaction to the vaccine.

13.

Plaintiff filed a request for a medical exemption from taking the second dose of the vaccine, and Defendant approved that exemption. However, instead of creating workable accommodations in the clinical setting, Defendant placed Plaintiff on administrative leave and told her she could apply for a remote position with the company. However, Plaintiff was not qualified for any of the remote positions that would have paid a rate similar to the rate she earned as a trained respiratory therapist. The entry level jobs she may have been qualified for paid approximately half of her regular wage. Defendant would not consider adjusting the pay of the entry level jobs or attempt to find more suitable accommodations to allow Plaintiff to work in the clinical setting. Plaintiff had both natural immunity from COVID-19 and from the first dose of the vaccine.

14.

The termination of Plaintiff's pay and medical benefits has had a significantly negative impact on her life. Prior to her effective termination, Plaintiff was earning $38.92 an hour, for an annual salary of approximately $75,000.00.

15.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, Plaintiff's presence suddenly created an "unacceptable health and safety risk" necessitating her being placed on unpaid administrative leave. During this time, Defendant's policy required employees to show up to work even if they had been exposed to Covid-19, as long as they were not exhibiting symptoms of the disease.

16.

Plaintiff's termination date should be treated as August 30, 2021, based on the Defendant's termination of Plaintiff's pay.

17.

Upon information and belief, the Defendant's adverse employment actions against Plaintiff were not, as claimed, to protect against an "unacceptable health and safety risk." Instead, those actions were discriminatory against Plaintiff based one her sincerely held religious beliefs and retaliation for expressing those beliefs. There were reasonable accommodations available to the Defendant with no undue burden on it that it failed to pursue. Instead, it took the most drastic employment action it could against Plaintiff with an unlawful discriminatory intent.

18.

Because of the Defendant's unlawful termination of Plaintiff, Plaintiff has suffered economic loss and emotional distress. She also has been ostracized and stigmatized unfairly for her religious convictions.

**FIRST CLAIM FOR RELIEF**

**(Unlawful Employment Discrimination Based on Religion**

**in Contravention of Or. Rev. Stat. § 659A.030)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

19.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

20.

The Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

21.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

22.

Instead of finding a reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

23.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiff has been damaged in an amount of no less than $100,000.00 in economic damages, or a different amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

## SECOND CLAIM FOR RELIEF

**(Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act – 42 U.S.C. §2000e et seq.)**

Plaintiff realleges all paragraphs above and below as if fully set forth herein.

24.

Plaintiff is a member of a protected class on the basis of her devout and sincerely held religious belief in the tenants of Christianity.

25.

Plaintiff's sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

26.

When Plaintiff raised her well-founded and sincere religious objection to taking the COVID-19 vaccine, the Defendant failed to make a good faith effort to accommodate Plaintiff's religious beliefs. It would not have been an undue hardship to have allowed Plaintiff to continue working with PPE, regular testing, and other measures to protect against the spread of COVID-19, as was done for the nearly two years before the imposition of the COVID-19 vaccine mandate.

27.

Instead of finding a reasonable accommodation or set of accommodations for her religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiff's unlawful termination. The unlawful discrimination against Plaintiff's religion by Defendant as outlined above was a proximate cause of Plaintiff's wrongful termination.

28.

As a result of Defendant's unlawful discrimination, Plaintiff has been damaged in an amount to be determined at trial, but that exceeds $100,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiff also seeks punitive damages. Plaintiff further seeks attorney's fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant and seeks the following relief:

1. A judgment in favor of Plaintiff and against Defendant on both claims in an amount to be determined at trial but exceeding $100,000.00.

2. Plaintiff seeks a trial by Jury on all claims to which Plaintiff is entitled to a jury trial.

3. Plaintiff's reasonable attorney fees, costs, and prevailing party fees.

4. Any other relief as the Court deems just and equitable.

DATED this 7th day of September, 2022.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff